UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>Plaintiff,<br>v.<br><br>JAY RIEHLE, et al.,<br><br>Defendants. | CASE NO. C17-0482JLR<br><br>ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Jessica Saepoff's motion for a temporary restraining order ("TRO") and her amended motion for a TRO. (TRO Mot. (Dkt. # 6); Am. TRO Mot. (Dkt. # 20).) Ms. Saepoff seeks relief against two sets of defendants:

(1) Internal Revenue Service ("IRS") Officers Jay Riehle and Thomas A. Byrd, Commissioner of the IRS John Koskinen, Secretary of the Treasury Steven Turner Mnuchin, and the United States of America (collectively, "Government Defendants"); and

ORDER - 1

| | |
|---|---|
| 1 | (2) Premera Blue Cross ("Premera"), Delta Dental of Washington ("Delta |
| 2 | Dental"), Aetna Life Insurance Company ("Aetna"), Wells Fargo Bank NA |
| 3 | ("Wells Fargo"), and Bank of America, NA ("Bank of America") (collectively, |
| 4 | "Private Defendants"). |

(*See* Compl. (Dkt. # 1) at 1-2.) Premera filed a motion to dismiss (Premera MTD (Dkt. # 13)), and Wells Fargo, Government Defendants, and Delta Dental filed responses to the TRO motion (WF Resp. (Dkt. # 14); Gov't Resp. (Dkt. # 16); Delta Resp. (Dkt. # 19)). The court has considered the parties' filings in support of and opposition to the motion, the relevant portions of the record, and the applicable law. Considering itself fully advised,[1] the court DENIES the TRO motion, DENIES the amended TRO motion, and ORDERS Ms. Saepoff to show cause why her claims against Government Defendants should not be dismissed for lack of subject matter jurisdiction.

## II. BACKGROUND

Ms. Saepoff challenges the constitutionality of the federal income tax, the actions the IRS has taken to enforce her tax obligations, and Private Defendants' acquiescence to those IRS actions. (*See generally* Compl.) Although her filings are opaque, it appears that Ms. Saepoff owes $159,816.87 in overdue taxes, of which the IRS has seized approximately $17,000.00. (*See* Saepoff Decl. (Dkt. # 7) ¶ 10; Supp. Saepoff Decl. (Dkt. # 20-5) ¶ 10; TRO Mot. ¶ 13; *but see* TRO Mot. at 18 (seeking make-whole relief of $18,359.79); Compl. ¶ 64 (alleging that Ms. Saepoff "has sustained damage in the

---

[1] No party requested oral argument, and the court concludes oral argument would not aid its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

amount of $12,038.02").) Government Defendants are all affiliated with the IRS, and Ms. Saepoff asserts that they have refused to reply to her requests for evidence of their authority to collect income tax from her. (*See* Saepoff Decl. ¶¶ 3-7; Compl. ¶¶ 30-44, 55-70; TRO Mot. ¶¶ 22-36, 44-46.) Ms. Saepoff alleges that Private Defendants have violated the United States Constitution, the Washington State Constitution, and federal law by allowing Government Defendants to seize her unpaid taxes. (Compl. ¶¶ 71-89; TRO Mot. ¶¶ 37-39.)

On April 13, 2017, Ms. Saepoff moved for an *ex parte* TRO to restrain Government Defendants from collecting and Private Defendants from providing her outstanding tax obligations. (*See* TRO Mot.) After concluding that Ms. Saepoff had not satisfied any of the prerequisites for *ex parte* relief, *see* Fed. R. Civ. P. 65(b)(1); Local Rules W.D. Wash. LCR 65(b)(1), the court denied Ms. Saepoff *ex parte* relief and renoted her TRO motion for April 21, 2017 (4/13/17 Order (Dkt. # 8) at 2-3; *see also id.* at 2 n.1 (expressing no opinion on the merits of Ms. Saepoff's TRO motion)). The court also noted that it appeared several defendants had not been served and ordered Ms. Saepoff to promptly effectuate service on the unserved defendants to maximize their opportunity to respond to her motion. (*Id.* at 2-3.) The court allowed any defendant to respond to the TRO motion no later than April 20, 2017. (*Id.* at 3.)

On April 20, 2017, after the parties had fully briefed her initial TRO motion, Ms. Saepoff filed an amended TRO motion. (*See* Am. TRO Mot.) That motion raises the same arguments as Ms. Saepoff's initial TRO motion and provides greater clarity

//

regarding the basis for those arguments.[2] (*Compare* TRO Mot., *with* Am. TRO Mot.) Ms. Saepoff's motion and amended motion are now before the court.

### III.   ANALYSIS

**A.   Legal Standard**

A plaintiff seeking a TRO in federal court must meet the standards for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); Fed. R. Civ. P. 65. To obtain either form of preliminary injunctive relief, Ms. Saepoff must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Preliminary injunctive relief is also "appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**B.   TRO Motion**

Ms. Saepoff fails to demonstrate serious questions going to the merits of her claims and therefore is not entitled to preliminary injunctive relief. She asserts six causes

---

[2] The amended TRO motion was improperly filed by attorney James Wexler, who has not filed a notice of appearance on Ms. Saepoff's behalf. (*See* Dkt.) Although the improper filing warrants striking the amended TRO motion, the court addresses the motion on its merits because it reinforces the court's denial of Ms. Saepoff's initial TRO motion. *See infra* § III.B.

of action: (1) violation of the First, Ninth, and Fourteenth Amendments; (2) violation of 5 U.S.C. §§ 702, 706; (3) trespass; (4) violation of the Fifth Amendment's takings clause; (5) creation and circulation of counterfeit security; and (6) breach of fiduciary duty. (Compl. ¶¶ 71-132.) Construing Ms. Saepoff's filings liberally, *see Brown v. Vasquez*, 952 F.2d 1164, 1166 n.7 (9th Cir. 1991), all of her claims appear to be rooted in frivolous, roundly rejected tax avoidance arguments.

At least some of Ms. Saepoff's claims rely on the proposition that the United States Constitution and the Internal Revenue Code do not permit the collection of an income tax on residents of the several states. (*See* Compl. ¶¶ 18 (arguing that Ms. Saepoff's earnings are not subject to the income tax because they fall outside the Sixteenth Amendment and "every citizen has a fundamental right to exist"), 25 ("Washington state [sic] is outside of the territorial jurisdiction of Congress which is 'limited' by Constitution [sic] of the United States, and outside of the Internal Revenue Service's administrative authority to collect certain 'excise' taxes on 'income' derived from the 'sources' as set out in the code and regulations.").) This proposition and the claims that arise therefrom are frivolous:

> For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.

*In re Becraft*, 885 F.2d 547, 547 (9th Cir. 1989) (per curiam) (collecting cases); *see also id.* at 548 n.2 (rejecting a similar argument as lacking any "semblance of merit"); *Wilcox v. C.I.R.*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("First, wages are income. Second, paying

taxes is not voluntary." (internal citations omitted)); *People ex rel. Young v. United States*, No. CS-99-0039-EFS, 1999 WL 744179, at *4 (E.D. Wash. Aug. 18, 1999) (collecting cases). Indeed, courts find the argument sufficiently frivolous to justify sanctioning lawyers and parties—including parties proceeding *pro se*—for advancing similar arguments. *See, e.g.*, *Becraft*, 885 F.2d at 547; *Wilcox*, 848 F.2d at 1008-09; *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986) (per curiam); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984).

To the extent Ms. Saepoff's claims do not depend on the complete illegality or inapplicability of the federal income tax, she has made no showing that her claims have merit. Subject to several exceptions, the Internal Revenue Code prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Unless the plaintiff identifies an applicable exception, the court lacks subject matter jurisdiction over her claims that seek to preclude the assessment or collection of taxes. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974)). Ms. Saepoff has not identified any applicable exceptions to Section 7421(a), nor does the court's review reveal any exceptions that might apply, and thus it is unclear whether the court has subject matter jurisdiction over her claims against Government Defendants.[3] *See infra* § III.C.; *Burgess v. Forbes*, No. C 09-629 JF (HRL), 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009) (denying a TRO because the plaintiff

//

---

[3] Because Ms. Saepoff sues the individual Government Defendants in their official capacity, the court treats Ms. Saepoff's claims against them as proceeding against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

had "not demonstrated the existence of federal subject matter jurisdiction and so ha[d] not demonstrated a likelihood of success on the merits"). Furthermore, the Internal Revenue Code discharges custodians that surrender "property or rights to property" at the behest of the IRS "from any obligation or liability to the delinquent taxpayer." 26 U.S.C. § 6332(e); *see also Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1018 (E.D. Cal. 1999); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997); *Kentucky ex rel. United Pac. Ins. Co. v. Laurel Cty.*, 805 F.2d 628, 636 (6th Cir. 1986); *Burroughs*, 780 F.2d at 503. Because Ms. Saepoff has not demonstrated subject matter jurisdiction over her claims against Government Defendants and the Internal Revenue Code bars her claims against Private Defendants, the court concludes she is unlikely to succeed on the merits of her claims.

This conclusion alone warrants denial of Ms. Saepoff's TRO motion and amended TRO motion, but she also fails to satisfy any of the other *Winter* factors. 555 U.S. at 20. Erroneous collection of tax revenues is remediable via civil suit, *see* 26 U.S.C. § 7422(a), and any additional economic harm them private entities cause is remediable via damages, *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Ms. Saepoff is therefore unlikely to suffer imminent irreparable injury in the absence of preliminary injunctive relief. *Cf. Winter*, 555 U.S. at 20. Furthermore, the balance of the equities and public interest[4] weigh heavily against Ms. Saepoff, who has

//

---

[4] To the extent Ms. Saepoff proceeds against the United States and its officers in their official capacity, the balance of the equities and public interest elements merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder* 556 U.S. 418, 435 (2009)).

1 demonstrated only a frivolous objection to the constitutionality and applicability of the federal income tax. *Cf. id.* Accordingly, the court concludes that Ms. Saepoff is ineligible for preliminary injunctive relief.

## C. Subject Matter Jurisdiction

As the court discusses above, it appears that the court lacks subject matter jurisdiction over Ms. Saepoff's claims against Government Defendants.[5] *See supra* § III.B.; 26 U.S.C. § 7421(a); *Elias*, 908 F.2d at 523; *Alexander v. Ams. United Inc.*, 416 U.S. 752, 757-58 (1974). The court must satisfy itself that it has subject matter jurisdiction over a case and address the issue *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *accord United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)

---

[5] It also appears that Ms. Saepoff has failed to properly serve at least some of the defendants. Federal Rule of Civil Procedure 4 allows for service on individuals by personally delivering a copy of the summons and complaint, leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," serving a registered agent, or complying with state law regarding service. Fed. R. Civ. P. 4(e); *see also* RCW 4.28.080(16) (providing, like Federal Rule of Civil Procedure 4(e), for personal service or service "by leaving a copy of the summons at the house of [the defendant's] usual abode with some person of suitable age and discretion then resident therein"). Ms. Saepoff mailed the summonses and complaint to each defendant. (1st OSC Resp. (Dkt. # 10) Ex. 4; 2d OSC Resp. (Dkt. # 11) Ex. 1.) Under state law, only "where the [defendant] cannot with reasonable diligence be served as described" in RCW 4.28.080(16) may a plaintiff serve the summons and complaint by mail. RCW 4.28.080(17). Moreover, even when it is authorized, mailed service has several prerequisites that Ms. Saepoff has not satisfied. *See id.*; (1st OSC Resp.) Finally, Ms. Saepoff has not complied with Rule 4(i)'s requirements for serving Government Defendants. *See* Fed. R. Civ. P. 4(i); (Gov't Resp. at 5-6.) Thus, with the exception of the defendants that have waived service (*see, e.g.*, 1st OSC Resp. at 1), the defendants to this lawsuit appear to have received legally deficient notice that the suit is ongoing. Although Ms. Saepoff's deadline to effect service has not expired, *see* Fed. R. Civ. P. 4(m), the court is disinclined to afford preliminary injunctive relief where a substantial portion of the defendants have not been properly served in contravention of the court's order (*see* 4/13/17 Order at 3 (ordering specific actions by Ms. Saepoff to ensure that all defendants receive legal notice of this lawsuit and the TRO motion)).

ORDER - 8

(quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)) ("The [c]ourt 'ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction.'"). Accordingly, the court orders Ms. Saepoff to show cause why her claims against Government Defendants should not be dismissed for lack of subject matter jurisdiction.[6]

No later than May 5, 2017, Ms. Saepoff must file a response to this order of no more than eight (8) pages. The response must include evidence and legal authority demonstrating why 26 U.S.C. § 7421(a) does not oust the court of subject matter jurisdiction over Ms. Saepoff's claims against Government Defendants. *See Elias*, 908 F.2d at 523; *Alexander*, 416 U.S. at 757-58. If Ms. Saepoff fails to timely respond or submit evidence and legal authority supporting the court's subject matter jurisdiction, the court will dismiss her claims against Government Defendants. Any defendant may, but is not required to, respond to this order subject to the same deadline and page restriction.

## IV. CONCLUSION

Based on the foregoing analysis, the court concludes that Ms. Saepoff is not entitled to preliminary injunctive relief, DENIES her TRO motion (Dkt. # 13) and her amended TRO motion (Dkt. # 20), and ORDERS her to show cause why her claims

//

//

---

[6] Although Ms. Saepoff is unlikely to succeed on the merits against Private Defendants, *see supra* § III.B., the apparent flaws in her claims against Private Defendants do not self-evidently implicate the court's subject matter jurisdiction. The court therefore does not require Ms. Saepoff to show cause as to those claims.

against Government Defendants should not be dismissed for lack of subject matter jurisdiction.

Dated this 21st day of April, 2017.

JAMES L. ROBART
United States District Judge