UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>               Plaintiff,<br>v.<br><br>JAY RIEHLE, et al.,<br><br>               Defendants. | CASE NO. C17-0482JLR<br><br>ORDER OF DISMISSAL |

## I. INTRODUCTION

Before the court are Plaintiff Jessica Saepoff's response to the court's order to show cause (OSC Resp. (Dkt. # 37-2)), Ms. Saepoff's motion to approve the excess pages contained in that response (Mot. for Excess Pages (Dkt. # 37)), Defendant Premera Blue Cross's ("Premera") motion to dismiss (Premera MTD (Dkt. # 13)), Defendant Wells Fargo Bank NA's ("Wells Fargo") motion to dismiss (WF MTD (Dkt. # 28)), Defendant Aetna Life Insurance Company's ("Aetna") motion to dismiss (Aetna MTD (Dkt. # 29)), Defendant Bank of America, NA's ("Bank of America") motion to dismiss (BoA MTD

ORDER - 1

1 | (Dkt. # 35)), and Defendant Delta Dental of Washington's ("Delta Dental") notice of
2 | joinder in Premera, Wells Fargo, and Aetna's motions to dismiss (Delta Not. (Dkt. # 32)).
3 | The court has considered the motions, the briefing filed in support thereof and opposition
4 | thereto, the relevant portions of the record, and the applicable law. Considering itself
5 | fully advised,[1] the court GRANTS Ms. Saepoff's motion for leave to file excess pages;
6 | GRANTS Premera's motion to dismiss; GRANTS Wells Fargo's motion to dismiss;
7 | GRANTS Aetna's motion to dismiss; GRANTS Bank of America's motion to dismiss;
8 | DISMISSES Ms. Saepoff's claims against Premera, Wells Fargo, Aetna, Bank of
9 | America, and Delta Dental (collectively, "Private Defendants") with prejudice; and
10 | DISMISSES Ms. Saepoff's claims against Defendants Internal Revenue Service ("IRS")
11 | Officer Jay Riehle, IRS Officer Thomas A. Byrd, John Koskinen, Steven Terner
12 | Mnuchin, and the United States (collectively, "Government Defendants") with prejudice.

## II. BACKGROUND

Ms. Saepoff, who is proceeding *pro se*, challenges the constitutionality of the federal income tax, the actions the IRS has taken to enforce her tax obligations, and Private Defendants' acquiescence to those IRS actions. (*See generally* Compl.) Although her filings are opaque, it appears that Ms. Saepoff owes $159,816.87 in overdue taxes, of which the IRS has seized between $12,000.00 and $20,000.00. (*See* Compl. ¶ 64 (alleging that Ms. Saepoff "has sustained damage in the amount of $12,038.02"); Saepoff Decl. (Dkt. # 7) ¶ 10 (stating that Ms. Saepoff has "suffered

---

[1] No party requested oral argument, and the court concludes oral argument would not aid its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

property loss in excess of $17,000[.00] because of these illegal seizures"); Supp. Saepoff Decl. (Dkt. # 20-5) ¶ 10 (same).) Government Defendants are all affiliated with the IRS, and Ms. Saepoff asserts that they have refused to reply to her requests for evidence of their authority to collect income tax from her. (*See* Compl. ¶¶ 30-44, 55-70.) Ms. Saepoff alleges that Private Defendants have violated the United States Constitution, the Washington State Constitution, and federal law by allowing Government Defendants to seize her unpaid taxes. (*Id.* ¶¶ 71-89.)

On April 13, 2017, Ms. Saepoff moved for an *ex parte* temporary restraining order ("TRO") to restrain Government Defendants from collecting and Private Defendants from providing her outstanding tax obligations. (*See* TRO Mot. (Dkt. # 6).) The court denied Ms. Saepoff *ex parte* relief and renoted her TRO motion for April 21, 2017 (4/13/17 Order (Dkt. # 8) at 2-3; *see also id.* at 2 n.1 (expressing no opinion on the merits of Ms. Saepoff's TRO motion)). The court also noted that it appeared Ms. Saepoff had failed to properly serve several defendants and ordered Ms. Saepoff to promptly serve the remaining defendants to maximize their opportunity to respond to her motion. (*Id.* at 2-3.) The court allowed any defendant to respond to the TRO motion no later than April 20, 2017. (*Id.* at 3.)

After the parties fully briefed the TRO motion, the court denied the motion and ordered Ms. Saepoff to show cause why Government Defendants should not be dismissed for lack of subject matter jurisdiction. (4/21/17 Order (Dkt. # 22) at 8-10.) The court noted that 26 U.S.C. § 7421(a) appears to divest the court of subject matter jurisdiction over Ms. Saepoff's claims against Government Defendants. (*Id.* at 6-7; *see also id.* at 9

ORDER - 3

(ordering Ms. Saepoff, in her response, to "include evidence and legal authority demonstrating why 26 U.S.C. § 7421(a) does not oust the court of subject matter jurisdiction over Ms. Saepoff's claims against Government Defendants").) The subject matter jurisdiction question and Private Defendants' motions to dismiss are now before the court.

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

The court lacks jurisdiction over Ms. Saepoff's claims against Government Defendants. *See* 26 U.S.C. § 7421(a); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974)) (confirming that Section 7421(a) divests the court of jurisdiction). Subject to certain exceptions not applicable here, the Internal Revenue Code prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Such suits cannot "be maintained in any court by any person." *Id.* The court's order to show cause specifically identified this seemingly prohibitive statutory provision. (*See* 4/21/17 Order at 6-10.) In response to that order, Ms. Saepoff rehashed the same frivolous merits-based arguments that the court rejected in denying her TRO motion.[2] (*See, e.g.*, OSC Resp. at 9 ("Washington state [sic] is not now a 'State' of the 'United States' . . . ."), 17 ("A

---

[2] In the interest of considering all of Ms. Saepoff's arguments, the court GRANTS her motion for leave to exceed the court's page limit in her response to the order to show cause. (*See* Mot. for Excess Pages.) The court notes, however, that only pages 17 and 18 purport to address subject matter jurisdiction—the only topic on which the court ordered Ms. Saepoff to show cause. (*See id.* at 17-18.)

ORDER - 4

requirement placed upon the citizen, after all, it [sic] is our duty to keep the government in check.").) Moreover, even if Ms. Saepoff's merits-based arguments held water, her cursory effort to distinguish this case from the purview of Section 7421(a) fails. (*See* OSC Resp. at 17-18 (contending that "[t]his cause is not about an 'assessment' or 'collection' of any tax," but then arguing that the IRS has not "produced a 'liability' statute that provides a known legal duty for plaintiff to file any return or pay any tax"); *see also* Resps. to MTDs (Dkt. ## 39-43) at 6-7 (making a similar argument in opposition to Private Defendants' motions to dismiss based on Section 7421(a)).) Ms. Saepoff's complaint challenges the assessment and collection of a tax, and 26 U.S.C. § 7421(a) therefore divests the court of jurisdiction over her claim against Government Defendants. The court accordingly dismisses Ms. Saepoff's claims against Government Defendants. Because Ms. Saepoff's claims are barred "in any court," 26 U.S.C. § 7421(a), the court dismisses her claims against Government Defendants with prejudice, *see Hovgaard v. I.R.S.*, No. C-97-3054 VRW, 1997 WL 811764, at *1 (N.D. Cal. Dec. 22, 1997) ("No matter how meritorious [the plaintiff]'s claim may be, the court therefore lacks the authority to hear it, and this case must be dismissed with prejudice."); *cf. Altman v. Fuller*, 680 F. Supp. 1435, 1436 (D. Haw. 1987) (dismissing without prejudice where the plaintiff had a plausible opportunity to properly refile the suit following the completion of a separate tax lawsuit).

//

---

In addition, Ms. Saepoff improperly filed an "objection" to Wells Fargo's reply brief in support of Wells Fargo's motion to dismiss. (Obj. (Dkt. # 45).) Despite the objection's impropriety, the court reviewed the filing and considered the arguments therein.

**B. Motions to Dismiss**

1. <u>Legal Standard Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)</u>

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction is either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Private Defendants mount a facial attack, in which "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court accepts the factual allegations in the complaint as true, and the nonmoving party is entitled to have those facts construed in the light most favorable to it. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The party asserting a claim in federal court bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The court will grant a motion to dismiss where the complaint lacks a cognizable

legal theory or alleges insufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

2. Ms. Saepoff's Claims

In their separate motions, Private Defendants each make the same two arguments. First, Private Defendants argue that to the extent Ms. Saepoff seeks injunctive relief against Private Defendants, Section 7421(a) bars her claims against Private Defendants no less than against Government Defendants.[3] (*See* Premera MTD at 4; WF MTD at 4; Aetna MTD at 3; BoA MTD at 2.) The court's analysis above applies with equal force to Private Defendants, *see supra* § III.A., and the court accordingly dismisses with prejudice Ms. Saepoff's injunctive claims against Private Defendants.

Second, to the extent Ms. Saepoff seeks monetary relief, Private Defendants argue that they are absolutely immune from suit pursuant to 26 U.S.C. § 6332(e). (*See* Premera MTD at 3-4; WF MTD at 3-4; Aetna MTD at 3; BoA MTD at 1-2.) Section 6332(a) "imposes a duty on third parties to honor the IRS's notice of levy." *United States v. Hemmen*, 51 F.3d 883, 887 (9th Cir. 1995). A plaintiff's "challenge to the validity of the levy d[oes] not alter [a third party]'s obligation to comply with the levy" pursuant to 26 U.S.C. § 6332(a). *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996); *see also Schiff v. Simon & Schuster, Inc.*, 780 F.2d 21, 212 (2d Cir. 1985) ("The fact that [a claimant] disputes the validity of the underlying tax assessment does not alter

---

[3] Ms. Saepoff filed separate but substantively identical responses to each motion to dismiss. (*See generally* Resps. to MTDs.)

[the third party]'s obligation to honor the levy."); *Hemmen*, 51 F.3d at 887-88 (9th Cir. 1995) ("We recognize only two defenses available to a party served with a notice of levy: (1) the party did not possess any property or rights to property of the taxpayer and (2) the property was subject to a prior attachment or execution."). In recognition of third parties' duty under Section 6332(a), Section 6332(e) immunizes from liability to the delinquent taxpayer "[a]ny person in possession of . . . property . . . subject to levy upon which a levy has been made who . . . surrenders such property." 26 U.S.C. § 6332(e); *see also Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1018 (E.D. Cal. 1999); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997); *Kentucky ex rel. United Pac. Ins. Co. v. Laurel Cty.*, 805 F.2d 628, 636 (6th Cir. 1986); *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986) (per curiam). That immunity squarely bars Ms. Saepoff's claims for damages against Private Defendants.

      Courts must not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988)). Here, Ms. Saepoff's complaint and subsequent filings demonstrate that her claims are based on an irredeemably flawed legal theory. Unequivocal precedent makes it absolutely clear that amendment would be futile. *See Akhtar*, 698 F.3d at 1212; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Balistreri*, 901 F.2d at 699. The court therefore denies Ms. Saepoff leave to amend her complaint.

//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Saepoff's motion to approve excess pages (Dkt. # 37), GRANTS Private Defendants' motions to dismiss (Dkt. ## (Dkt. # 13, 28-29, 35), and DISMISSES Ms. Saepoff's complaint with prejudice.

Dated this 26th day of June, 2017.

JAMES L. ROBART
United States District Judge